DANIEL J. BERMAN, ESQ.
BERMAN LAW FIRM
Suite 503, Bank of Guam Building
111 Chalan Santo Papa
Hagåtña, Guam 96910
Telephone: (671) 477-2778
Facsimile: (671) 477-4366
Email: djberman@pacificlawyers.law

Attorneys for Defendant/Counterclaim-Plaintiff:
*HEE K. CHO*

# IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| PIGM,<br><br>          Plaintiff,<br>vs.<br><br>HEE K. CHO and DOES 1 through 20,<br><br>          Defendants. | CIVIL CASE NO. 24-00016<br><br>**DEFENDANT'S ANSWER AND COUNTERCLAIM** |
| HEE K. CHO,<br><br>          Counterclaim-Plaintiff,<br>vs.<br><br>PIGM,<br><br>          Counterclaim-Defendant. | |

COMES NOW Defendant HEE K. CHO (herein "Defendant"), by his counsel undersigned, and hereby submits his Answer and Counterclaim to the Complaint filed on August 1, 2024, delivered to Defendant on or about September 11, 2024 in the above-entitled action as follows:

    1.    Defendant admits the allegation contained in paragraph 3 of the Complaint.

    2.    Defendant denies generally and specifically, each and every allegation contained in the following paragraphs of the Complaint: 4, 5, 6, 8, 9, 10, 26, 27, 29, 30, 37,

PIGM v. Hee K. Cho et al.
Civil Case No. 24-00016
Answer and Counterclaim; Certificate of Service

43, 48, 51, 55, 62, 69, 76, 83, 90, 96, 102, 108, 114, 120, 127, 134, 141, 148, 155, 162, 169, 176, 183, 190, 197, 203, 207, 218, 222, 226, 227, and all relief requested in the Prayer for Relief.

3. Defendant states that he is without knowledge or information sufficient to allow him to form a belief as to the truth or veracity of the allegations contained in the following paragraphs of the Complaint, and based thereon, therefore denies, generally and specifically, the same. These paragraphs are: 1, 2, 7, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 28, 31, 32, 33, 34, 35, 36, 38, 39, 40, 41, 42, 44, 45, 46, 47, 49, 50, 52, 53, 54, 56, 57, 58, 59, 60, 61, 63, 64, 65, 66, 67, 68, 70, 71, 72, 73, 74, 75, 77, 78, 79, 80, 81, 82, 84, 85, 86, 87, 88, 89, 91, 92, 93, 94, 95, 97, 98, 99, 100, 101, 103, 104, 105, 106, 107, 109, 110, 111, 112, 113, 115, 116, 117, 118, 119, 121, 122, 123, 124, 125, 126, 128, 129, 130, 131, 132, 133, 135, 136, 137, 138, 139, 140, 142, 143, 144, 145, 146, 147, 149, 150, 151, 152, 153, 154, 156, 157, 158, 159, 160, 161, 163, 164, 165, 166, 167, 168, 170, 171, 172, 173, 174, 175, 177, 178, 179, 180, 181, 182, 184, 185, 186, 187, 188, 189, 191, 192, 193, 194, 195, 196, 198, 199, 200, 201, 202, 204, 205, 206, 208, 209, 210, 211, 212, 213, 214, 215, 216, 217, 219, 220, 221, 223, 224 and 225.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state a claim against Defendant upon which relief may be granted.

2. Plaintiff misrepresents to the Court that the elements of actionable fraud exist or that the particularity of some or most facts alleged are true and correct without question when such facts are not true.

3. The Doctrine of Unclean Hands bars the relief that Plaintiff seeks against Defendant, because Plaintiff's actions, with respect to Plaintiff's dealings with Defendant, and in connection with this lawsuit, have been inequitable, unfair and dishonest.

4. Plaintiff is barred from the relief it seeks against Defendant because Plaintiff, by its actions or inactions and by its misrepresentations or silence, has caused

*PIGM v. Hee K. Cho et al.*
Civil Case No. 24-00016
Answer and Counterclaim; Certificate of Service

Defendant to rely upon Plaintiff's actions, inactions, representations, misrepresentations or silence to the detriment of Defendant.

5. Plaintiff is barred from the relief it seeks against Defendant because Plaintiff, notwithstanding some agreements that time is of the essence, breached its agreement to pay the compensation to Defendant for the performance rendered on the parties' agreement; *i.e.*, the agreement for the sale and conveyance of the Starts Golf Course.

6. Pursuant to 20 GCA § 3227, Plaintiff is barred from enforcing specific performance against Defendant.

7. Plaintiff has failed to join necessary and indispensable parties to this lawsuit.

8. The damages which Plaintiff complains of in this lawsuit were solely caused by Plaintiff's actions, inaction and omissions.

9. Plaintiff has failed to mitigate its damages.

10. Plaintiff is barred from the relief it seeks against Defendant by the Doctrine of Waiver.

11. Plaintiff is barred from the relief it seeks against Defendant by the Doctrine of Estoppel.

12. Plaintiff is barred by the Doctrine of Accord and Satisfaction.

13. Plaintiff has and had no valid Guam Business License at all times relevant.

14. Plaintiff has no standing to assert the claims made in the Complaint.

15. Plaintiff is not the real party in interest to this claim and dispute.

16. Defendant reserves his right to assert further Affirmative Defenses as may appear as discovery proceeds.

*PIGM v. Hee K. Cho et al.*
Civil Case No. 24-00016
Answer and Counterclaim; Certificate of Service

# COUNTERCLAIM

COMES NOW, Counterclaim-Plaintiff HEE K. CHO (hereinafter "Cho"), through counsel undersigned, and for his Counterclaim against Counterclaim-Defendant PIGM (hereinafter "PIGM"), hereby alleges as follows:

1. This Court has jurisdiction over this matter by virtue of 28 USC § 1332 diversity of citizenship of the parties.

2. Counterclaim-Plaintiff Cho is, and at all times relevant herein was, a Guam resident and adult individual.

3. On information and belief, Counterclaim-Defendant PIGM has been a corporation of the Republic of Korea, doing business in the Territory of Guam.

## FACTUAL BACKGROUND

4. On or about May 7, 2022, Cho and PIGM and/or Mr. Jeong Seung Hyun (herein "PIGM/Jeong") agreed to pay Cho compensation if the Starts Golf Course property could be purchased and sold at or above $19,750,000.00.

5. On information and belief, the Starts Golf Course sold for $23,250,000.00.

6. PIGM/Jeong agreed to pay the difference to Cho of the price of $23,250,000.00 less $19,750,000.00 and $250,000.00 for broker's commission to Starts Guam Realty, pursuant to Amendments to the Purchase and Sale Agreement; that is, $3,250,000.00 was agreed to be paid and is now due and owing to Cho.

7. PIGM/Jeong refused and failed to pay Cho the compensation earned by his services pursuant to the Agreement.

8. Based on PIGM/Jeong's failure to pay Cho under the Agreement, and PIGM/Jeong's interference with the Starts Golf Course Purchase and Sale Contract together with Amendments, PIGM/Jeong is in breach of its Agreement.

9. Throughout the Complaint of PIGM, the Agreement(s) with Cho are sometimes called the Business Agreement, and/or Supply Agreement, and/or

*PIGM v. Hee K. Cho et al.*
Civil Case No. 24-00016
Answer and Counterclaim; Certificate of Service

Indemnification Agreement, and/or Fraudulent Agreement; nevertheless, these offers and acceptances of Agreements are enforceable as a matter of contract.

10. PIGM owes Cho no less than $3,250,000.00.

## REQUEST FOR RELIEF

WHEREFORE, Defendant/Counterclaim-Plaintiff Hee K. Cho requests for relief as follows:

1. That Plaintiff PIGM takes nothing against Cho by way of its Complaint.

2. That Plaintiff PIGM's Complaint be dismissed with prejudice.

3. On Cho's Counterclaim, money damages of $3,250,000.00 plus interest from the date of breach of agreement in 2023, additional damages in an amount to be proven at Trial, attorneys' fees and additional sums representing Cho's costs herein.

4. On Cho's Counterclaim, compensatory, consequential and incidental damages in an amount to be proven at Trial, attorneys' fees and additional sums representing Cho's costs herein.

5. For such other and further relief as the Court may deem just and proper.

DATED this 18th day of October, 2024.

BERMAN LAW FIRM
Attorneys for Defendant/
Counterclaim-Plaintiff
*HEE K. CHO*

By: _____
DANIEL J. BERMAN

*PIGM v. Hee K. Cho et al.*
Civil Case No. 24-00016
Answer and Counterclaim; Certificate of Service

## CERTIFICATE OF SERVICE

I hereby certify that on October **18**, 2024, I caused a copy of the foregoing *Answer and Counterclaim* to be served via the District Court of Guam CM/ECF Filing System:

    Peter C. Perez, Esq.

DATED this **18** day of October, 2024.

_____
CHRISTINE PANGELINAN