Peter C. Perez, Esq.
**LAW OFFICE OF PETER C. PEREZ**
Suite 802, DNA Building
238 Archbishop Flores Street
Hagåtña, Guam 96910
Telephone No. (671) 475-5055
Facsimile No. (671) 477-5445
E-Mail: pcperez@perezlawguam.com
E-Service: perezlawguam@gmail.com

*Attorney for Plaintiff*

## IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| PIGM,<br><br>               Plaintiff,<br><br>      vs.<br><br>HEE K. CHO and DOES 1 through 20,<br><br>               Defendants. | CIVIL CASE NO. 24-00016<br><br><br>**ANSWER TO COUNTERCLAIM** |

Counterclaim-Defendant, PIGM ("PIGM") by and through its attorneys, answers Defendant HEE K. CHO's ("Defendant") Counterclaim, as follows:

### <u>ANSWER</u>

1. Regarding paragraph 1, Defendant fails to specify the definition of "matter" and fails to plead the elements required for diversity jurisdiction, and on those bases PIGM is without sufficient information to form a belief as to the truth or veracity of the allegations contained therein, and therefore, denies the allegations.

2. PIGM admits the allegations contained in Counterclaim paragraphs 2.

3. Regarding paragraph 3, PIGM admits that has been a corporation of the Republic of Korea but based upon the way Defendant has stated the allegations, PIGM is without sufficient information to form a belief as to the truth or veracity of the remainder of the allegations contained therein, and therefore, denies the remaining allegations.

**4.** PIGM denies the allegations contained in Counterclaim paragraphs 4, 5, 6, 7, 8, 9, and 10.

**5.** PIGM denies it is liable to Defendant in any amount or for any reason.

## **AFFIRMATIVE DEFENSES**

**1.** Defendant's Counterclaim fails to state a claim upon which relief may be granted.

**2.** Defendant lacks standing to assert the Counterclaims.

**3.** Defendant's Counterclaim is barred in its entirety pursuant to the affirmative defense of illegality. In connection with the proposed sale of the Starts Golf Course property to PIGM, and the purported agreements related thereto, Defendant engaged in conduct that is illegal under the laws of Guam and/or the United States, including but not limited to: 9 GCA § 43.20 (theft), 9 GCA § 43.35 (theft by deception), and 9 GCA § 43.60 (theft of property held in trust), 9 GCA § 46.10 (forgery), 18 USC § 13.43 (wire fraud), and/or 18 USC § 1028A (aggravated identity theft).

**4.** Defendant's Counterclaim is barred in its entirety pursuant to the affirmative defense of intentional misrepresentation.

**5.** Defendant's Counterclaim is barred in its entirety pursuant to the affirmative defense of fraud.

**6.** Defendant's Counterclaim is barred in its entirety by the doctrine of unclean hands.

**7.** Defendant's Counterclaim is barred in its entirety by the doctrine of bad faith.

**8.** To the extent Defendant seeks to recover commissions in connection with a sale of the Starts Golf Course property, his Counterclaim fails because he is not a licensed real estate broker or salesman, as is required under Guam law including but not limited to under 21 GCA § 104101.

**9.** Defendant has and had no valid Guam Business License or other necessary applicable licenses at all times relevant.

**10.** Defendant's Counterclaim is barred in its entirety pursuant to the affirmative defense of lack of contract.

**11.** Defendant's Counterclaim is barred in its entirety pursuant to the affirmative defense of cancellation of contract.

**12.** Defendant's Counterclaim is barred in its entirety pursuant to the affirmative defense of lack of privity of contract.

**13.** To the extent any contract(s) existed between Defendant and PIGM, said contract(s) was void.

**14.** To the extent any contract(s) existed between Defendant and PIGM, said contract(s) was voidable.

**15.** To the extent any contract(s) existed between Defendant and PIGM, said contract(s) was unconscionable and unenforceable.

**16.** To the extent any contract existed between Defendant and PIGM, Defendant breached the covenant of good faith and fair dealing.

**17.** To the extent any contract(s) existed between Defendant and PIGM, said contract(s) was rescinded.

**18.** Defendant's Counterclaim is barred in its entirety pursuant to the affirmative defense of rescission.

**19.** Cho's Counterclaim is barred in its entirety pursuant to the affirmative defense of equitable estoppel.

**20.** Defendant has failed to join necessary and indispensable parties.

**21.** Defendant has no damages.

**22.** Defendant has failed to mitigate damages.

**23.** Defendant is barred from the relief he seeks from the doctrine of waiver.

**24.** The damages asserted by Defendant in his Counterclaim were solely caused by Defendant's actions, inactions, omissions, misconduct, and/or illegality.

**25.** PIGM is entitled to set off from any damages incurred by Defendant (a) all amounts paid by PIGM to Defendant, or (b) all amounts PIGM is entitled to pursuant to PIGM's Complaint, or (c) all amounts awarded or awardable to PIGM pursuant to PIGM's Complaint.

## PRAYER FOR RELIEF

WHEREFORE, in addition to all relief requested in PIGM's Complaint, with respect to Defendant's Counterclaim, PIGM requests judgment against Defendant as follows:

1. That Defendant take nothing against PIGM by way of its Counterclaim.

2. That Defendant's Counterclaim be dismissed with prejudice.

3. That PIGM be awarded its attorney's fees.

4. That PIGM be awarded it costs of suit.

5. For such other and further relief deemed by the Court to be just and proper.

Respectfully submitted this 2nd day of December 2024.

**LAW OFFICE OF PETER C. PEREZ**

By: _____/s/_____

**PETER C. PEREZ, ESQ.**
*Counsel for Plaintiff*